IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE SCHOOL BOARD OF )<br>OSCEOLA COUNTY, FLORIDA )<br>and CONNIE CLICK, Supervisor )<br>of Elections, )<br>)<br>Defendants. )<br>_____) | CIVIL ACTION NO. 6:08-cv-582-ORL-31DAB |

## CONSENT JUDGMENT AND DECREE

The United States initiated this action to enforce Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. 1973 ("Section 2"). The complaint (Doc. 1) alleges that the election districts for electing the members of the School Board of Osceola County, as currently drawn, will result in Hispanic citizens having less opportunity than other members of the electorate to participate in the electoral process and to elect candidates of their choice to office in violation of Section 2. The court has jurisdiction of this action pursuant to 42 U.S.C. 1973j(f) and 28 U.S.C. 1345.

The parties, through counsel, have conferred and agree that this action should be settled without protracted, costly, and potentially divisive litigation. Moreover, the parties share the goal that all future elections for the School Board of Osceola County are conducted under election districts that comply with Section 2. Accordingly, the parties have filed a joint motion (Doc. 3) for entry of this Consent Judgment and Decree as an appropriate resolution of this action.

The parties stipulate as follows:

1.      Defendant the School Board of Osceola County, Florida is a political subdivision of the State of Florida, organized pursuant to the Florida Constitution and the laws of Florida.

2.      The School Board of Osceola County, Florida (hereafter "School Board" or "Board") is the body established under the Florida Constitution and the laws of the State of Florida that is responsible for the governance and administration of the School District of Osceola County, Florida.

3.      Defendant Connie Click is the Supervisor of Elections of Osceola County, and is sued in her official capacity.  The Supervisor of Elections has responsibilities concerning the administration of voter registration and the conduct of school board elections in Osceola County.

4.      According to the 2000 Census, Osceola County, which is coterminous with the Osceola County School District,  has a total population of 172,493 persons, of whom 50,727 (29.4%) are Hispanic persons.  The County has a total voting-age population of 126,279 persons, of whom 34,267 (27.1%) are Hispanic persons.

5.      There has been substantial and continuing growth in the Hispanic population since the 2000 Census was released.  The 2006 American Community Survey of the Bureau of the Census for Osceola County reflects a total population of 244,045 persons, of whom 97,361 are Hispanic persons (39.9%).  The total voting-age population is 182,237, of whom 68,663 are Hispanic persons (37.7%).  As of January 2008, Hispanic persons constituted 34 percent of Osceola County's registered voters.

6.      From 1997 through the most recent election in 2006, the five members of the School Board have been elected on an at-large basis from numbered positions to four-year,

staggered terms. If no candidate receives a majority of the vote in the initial election, there is a run-off election between the top two candidates.

7. In 2006, the United States prevailed in a Section 2 vote dilution suit against Osceola County challenging the at-large system for electing its Board of County Commissioners. The court ruled that the use of the at large system for electing commissioners in Osceola County diluted Hispanic voting strength in violation of Section 2, and ordered elections to be held, beginning with a special election in 2007, under a remedial plan of five single-member districts. The districting plan approved by the federal district court included a district with a Hispanic citizen voting age population and Hispanic voter registration majority. See United States v. Osceola County, Florida, 475 F.Supp.2d 1220 (M.D. Fla. 2006); United States v. Osceola County, Florida, 474 F.Supp.2d 1254 (M.D. Fla. 2006).

8. Following the federal court's decision in United States v. Osceola County, the School Board, acting in good faith, unanimously voted to conduct a referendum election on whether to change to a single-member district method of election. On January 29, 2008, the voters of Osceola County approved a change in the method of electing members of the School Board from at-large to single-member districts.

9. The court in United States v. Osceola County found that the Hispanic population in Osceola County is sufficiently numerous and geographically compact that under a fairly-drawn single-member district voting plan, Hispanic persons would constitute a majority of the citizen voting age population in one of the five districts. 475 F.Supp.2d at 1229-1231.

10. Under the School Board's existing district plan, Hispanic persons would not constitute a majority of the citizen voting-age population or of the registered voters in any of the

five districts.

11. Based on the undisputed facts in the record and the United States' expert testimony and analyses of elections for countywide offices in Osceola County, including School Board elections, the court in <u>United States</u> v. <u>Osceola County</u> found that Hispanic voters are politically cohesive, racially polarized voting patterns prevail in the county, and non-Hispanic voters have voted sufficiently as a bloc to enable them usually to defeat Hispanic voters' preferred candidates.  <u>Id</u>. at 1232-1233.

12. No Hispanic candidate has ever been elected to the School Board, or to any county-wide office in Osceola County.

13. The court in <u>United States</u> v. <u>Osceola County</u> found that there was "a history of discrimination against Hispanic voters and candidates in Osceola County."  <u>Id</u>. at 1235.

14. The court in <u>United States</u> v. <u>Osceola County</u> found that significant socioeconomic disparities between Hispanic and nonHispanic white residents have impeded equal participation by Hispanic persons in Osceola County elections.  <u>Id</u>. at 1234.

15. Further, pursuant to section 1001.36, Florida Statutes, the School Board is prohibited from revising its election districts in even-numbered years.

16. In light of the totality of circumstances set forth in paragraphs 4 through 15 above, and to ensure that the Hispanic citizens of Osceola County have an equal opportunity to elect candidates of their choice to the School Board, the Defendants have agreed to replace the existing election districts with a revised district plan to be implemented beginning with the 2008 scheduled elections.  The new plan provides for a district in which Hispanic citizens will constitute a majority of the eligible voters.

Accordingly, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1. The Osceola County School Board's current district plan, implemented in the totality of circumstances referenced above, violates Section 2 of the Voting Rights Act, 42 U.S.C. 1973.

2. The Osceola County School Board's current district boundaries are replaced by the revised district plan appended in Exhibit A. A map of the geographic boundaries and the statistics for each district are provided in Exhibit A.

3. The district boundaries in Exhibit A will be used for the 2008 and 2010 elections for the Osceola County School Board. In 2008, the Osceola County School Board will hold elections in Districts 2 and 3. In 2010, the Osceola County School Board will hold elections in Districts 1, 4, and 5.

4. Upon entry of this Decree, Defendants shall ensure that information, materials, and announcements regarding the district boundaries in Exhibit A and the election schedule are provided to the voters through mail, newspapers, radio, the Internet, and other appropriate media. Information will be provided in the Spanish language to the same extent as it is provided in English.

5. Following the release of the 2010 Census, the Osceola County School Board shall review the Census to determine whether the districting plan adopted and approved by this Consent Judgment and Decree needs to be revised to comply with federal law, including the one-person-one vote requirement of the Constitution or Section 2 of the Voting Rights Act. In the event that Defendants enact a new redistricting plan following the 2010 Census, they shall notify the United States not later than ten days after its adoption. Any revisions to the district map or

method of election provided in this Decree shall comply with Section 2 of the Act and applicable constitutional standards.

6.     This Court shall retain jurisdiction through the 2010 elections to enforce the provisions of the Decree and for such further relief as may be appropriate.

**DONE** and **ORDERED** in Orlando, Florida this 23rd day of April, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE